IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

KANYE WEST;

    Plaintiff,

v.                                                                        CIVIL ACTION NO. 2:20-570

MAC WARNER, in his Official Capacity as
Secretary of State of West Virginia;

    Defendant.

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, Kanye West, in his capacity as an independent candidate for President of the United States, by counsel, files this Complaint against Defendant Mac Warner, in his Official Capacity as Secretary of State of West Virginia, and respectfully states as follows:

**Parties**

1. Plaintiff, Kanye West, is a resident of Cody, Wyoming.

2. Defendant, Mac Warner, in his Official Capacity as the West Virginia Secretary of State, and the chief elections official, has ultimate authority over the enforcement of the West Virginia Election Code, including the provisions challenged herein. Mr. Warner's official address is Office of the Secretary of State, State Capitol Building, Charleston, West Virginia 25305.

**Jurisdiction and Venue**

3. Venue is proper in this Court because the Defendant is a state official who maintains offices throughout the State of West Virginia.

4. This Court has personal jurisdiction over the Defendant because he is a public official of the State of West Virginia. Thus, this Court is a proper venue for this civil action under 28 U.S.C. § 1391.

5. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

6. Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202, and Rule 65 of the Federal Rules of Civil Procedure.

7. In cases where parties are seeking immediate declaratory and injunctive relief, W.Va. Code § 55-17-3 exempts the requirement to provide thirty days pre-suit notice of an action against a government agency when irreparable harm would otherwise occur. *See State ex rel. McDavid v. Tenant*, 2014 WL 4922641, Fn. 11 (2014). In the case at hand, application of the 30-day pre-suit notice requirement would do irreparable harm, as it would delay adjudication of this action until after the 2020 General Election ballots were already printed and many absentee ballots were already mailed to registered voters.

**Factual Allegations**

8. Mr. West, who is running for President of the United States as an independent candidate not affiliated with any major party, filed his West Virginia Statement of Candidacy for the 2020 General Election on August 3, 2020.

9. Pursuant to West Virginia election law, for a candidate unaffiliated with a major recognized party in West Virginia to have his/her name placed on a General Election ballot, he or she must be nominated to the General Election ballot through the certificate nomination process set forth in W.Va. Code §§ 3-5-23 and 3-5-24.

10. First, pursuant to W. Va. Code § 3-5-23(b), independent candidates and their campaigns must solicit signatures from duly qualified voters in order to qualify for the general election ballot.

11. Second, independent candidates must solicit a certain number of signatures from registered voters in the state.

12. Pursuant to W.Va. Code § 3-5-23(c), the amount of signatures Plaintiff needs to gain access to the General Election ballot must be equal to not less than 1% of the entire vote cast in the last preceding general election for President of the United States, which in this case is 7,144 signatures.[1]

13. Signature petition pages are provided to each county clerk to confirm the voters are (1) registered to vote in the county, and (2) the petition signatures match each voter's signature on file.

14. The nomination certificate must "be personally signed" by the voter "in their own proper handwriting." In other words, it must be an original "wet" signature from the prospective voter to be proper under the statute.

15. Finally, pursuant to W.Va. Code § 3-5-24(a), in order to qualify for the General Election ballot in West Virginia, Plaintiff was required to submit all 7,144 nominating certificates to the West Virginia Secretary of State's Office by August 3, 2020.[2]

---

[1] *See* West Virginia Secretary of State's 2020 Election Petition Signature Requirements, *available at* https://sos.wv.gov/FormSearch/Elections/Informational/Signatures%20Chart.pdf.

[2] Because the statutorily imposed deadline of August 1 occurred on a Saturday this year, the deadline for submission of nominating certificates defaulted to Monday, August 3 in accordance with W.Va. Code § 2-2-1(f).

16. To the extent practicable, Plaintiff has complied with all of the steps necessary to be placed on the General Election ballot pursuant to W.Va. Code §§ 3-5-23 and 3-5-24.

17. Plaintiff's campaign obtained the credentials necessary to collect signatures in the various counties, as required by W.Va. Code § 3-5-23(b), and Plaintiff's designees solicited signatures from duly registered voters in the following counties: Boone, Cabell, Clay, Fayette, Hancock, Jackson, Jefferson, Kanawha, Lincoln, Logan, Marion, Marshall, Mason, Mingo, Mercer, Monongalia, Nicholas, Ohio, Pleasants, Putnam, Raleigh, Roane and Wayne.

18. Plaintiff's campaign conducted its signature gathering process in the midst of Governor Jim Justice's ongoing "Safer at Home" Order, which strongly encourages West Virginians to leave their home "only for essential activities," limits social gatherings to no more than 25 people, and strongly encourages social distancing of six feet or more.[3]

19. While Governor Justice and Defendant West Virginia Secretary of State made accommodations for those participating in the 2020 Primary Election, such as moving the primary election date and providing absentee ballot forms for all registered voters, no such accommodations have been made for individuals with no party affiliation wishing to avail themselves of the ballot access process provided for by W.Va. Code § 3-5-23.

20. West Virginia's ballot access provisions remain unaltered despite Defendant West Virginia Secretary of State's recommendation for a 50% reduction in signatures required for all non-major party candidates seeking ballot access pursuant to W.Va. Code § 3-5-23. *See* Memorandum from WV Secretary of State's General Counsel to Governor's Office Legal Division, attached hereto as **Exhibit A**.

---

[3] *See* Safer at Home Order, available at https://governor.wv.gov/Pages/Safer-at-Home.aspx.

21. In total, Plaintiff submitted more than 14,000 signatures, or nomination certificates, to the West Virginia Secretary of State on August 3, 2020, along with his corresponding Certificate of Announcement and filing fee. *See* W.Va. Code §§ 3-5-7 and 3-5-8.

22. Following the Plaintiff's submission of the requisite nominating certificates, signature petition pages are provided by Defendant West Virginia Secretary of State to each county clerk to confirm that the voters are duly registered to vote in the particular county and that the petition signatures match each voter's signature on file with the County Clerk's Office.

23. Nearly three weeks following the submission of his nomination certificates, Plaintiff was notified by Defendant West Virginia Secretary of State that more than 7,000 of his petition signatures had been invalidated by the various County Clerks, leaving him with a total of 6,383 valid petition signatures – 761 signatures shy of the 7,144 signature requirement to gain access to the ballot.

24. Upon information and belief, Defendant West Virginia Secretary of State provided notice shortly thereafter to all 55 County Clerks of the names duly qualified for the 2020 General Election ballot. Plaintiff's name was not included amongst those duly qualified for the ballot.

25. Pursuant to W.Va. Code § 3-6-2(d)(2), the statutorily required drawing for order of names appearing on the General Election ballot took place on August 25, 2020.

26. As of the filing of this Complaint, Plaintiff has had no opportunity to challenge the invalidation of the submitted nomination certificates, or in any other way cure possible errors in order to qualify for the General Election ballot.

27. West Virginia Code § 3-5-23 does not provide *any* procedural safeguards that would permit a third-party candidate to challenge the various county clerks' counting and

assessment of the validity of signatures in a third-party certificate nomination, nor does it provide any procedural safeguard to challenge the Secretary of State's refusal to certify a third-party certificate nomination to be placed on West Virginia's General Election ballot based upon the non-counting of purportedly mismatching voter signatures.

28. Plaintiff's challenge to these designations has followed suit.

**Count One – Violation of 42 U.S.C. § 1983**

**(Violation of freedom of speech and association, equal protection, and due process rights as guaranteed by the First and Fourteenth Amendments, as enforced by 42 U.S.C. § 1983)**

29. Plaintiff hereby realleges and incorporates by reference each allegation made in Paragraphs 1-28 in this Complaint.

30. West Virginia's ballot access law, and Defendant West Virginia Secretary of State's application of that law, infringes upon the Plaintiff's right to associate for the advancement of his political beliefs and the rights of qualified voters, regardless of their political persuasion, to cast their votes effectively. In fact, "[n]o right is more precious in a free country than that of having a voice in the election of those who make the laws under which … we must live." *Williams v. Rhodes,* 393 U.S. 23, 31, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968) (quoting *Wesberry v. Sanders*, 376 U.S. 1, 17, 84 S.Ct. 526, 11 L.Ed.2d 481 (1964)).

31. Plaintiff was deprived of any chance to be heard or appeal the decision made by the West Virginia Secretary of State and any ability to cure any alleged defects in Plaintiff's certificate nomination paperwork prior to the statutorily required drawing for order of names appearing on the 2020 General Election ballot.

32. West Virginia does not have any legislative rules governing the certificate nomination process, nor is there any opportunity for Plaintiff or other similarly situated candidates

to challenge the invalidation of any petition signatures or otherwise cure once the statutory deadline for submission has passed.

33. As such, Plaintiff faces imminent deprivation of his liberty interest without any adequate notice from the West Virginia Secretary of State due to the lack of *any* procedural safeguards whatsoever surrounding West Virginia Code § 3-5-23's signature-matching requirement.

34. Defendant, acting under the color of law and in his official capacity as the Secretary of State of West Virginia, violated Plaintiff's rights as secured by the Constitution and the laws of the United States when his actions effectively prohibited Plaintiff from any opportunity to cure defects with his submission of double the statutory amount of nomination certificates necessary to obtain access to the 2020 General Election ballot.

35. Defendant's actions violated Plaintiff's Fourteenth Amendment rights to procedural due process and equal protection under the law.

36. Further, Defendant's actions violated Plaintiff's First Amendment freedom of association rights.

37. The actions taken against Plaintiff are in violation of his rights as protected by both the First and Fourteenth Amendments to the United States Constitution.

38. As a proximate and legal result of the conduct of Defendant, Plaintiff is deprived of his constitutional rights to freedom of speech and association, equal protection, and due process rights as guaranteed by the First and Fourteenth Amendments, and enforced by 42 U.S.C. § 1983.

39. Plaintiff is immediately injured by these unconstitutional acts. Absent an emergency briefing schedule, emergency hearing and preliminary injunctive relief, Plaintiff will

continue to incur irreparable injury because his name will not appear on the November 3, 2020 General Election ballot, and qualified voters will be deprived of their fundamental rights to cast their votes effectively.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in his favor and against Defendant and grant the following emergency relief:

A. Enter an emergency briefing schedule and set an emergency hearing date on Plaintiff's Motion for Preliminary Injunction;

B. Enter declaratory judgment holding that W.Va. Code §§ 3-5-23 AND 3-5-24 are unconstitutional as applied to Plaintiff;

C. Issue a preliminary injunction enjoining Defendant West Virginia Secretary of State from enforcement of W.Va. Code § 3-5-23 as applied to Plaintiff and requiring placement of Mr. West and his running mate Ms. Michelle Tidball on the 2020 General Election Presidential ballot in West Virginia as independent candidates for President and Vice President, respectively;

D. Award attorneys' fees pursuant to 42 U.S.C. § 1988; and

E. Award such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ J. Mark Adkins*
J. Mark Adkins (WVSB # 7414)
Richard R. Heath, Jr. (WVSB # 9067)
Joshua A. Lanham (WVSB # 13218)
Unaiza R. Tyree (WVSB #13253)
BOWLES RICE LLP
600 Quarrier Street (25301)
Charleston, West Virginia 25325-1386
Telephone: (304) 347-1100
Facsimile: (304) 347-1756
Email: madkins@bowlesrice.com
*Attorneys for Plaintiff, Kanye West*