# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

**KANYE WEST,**

    *Plaintiff*,

v.                                                                                  Civil Action No. 2:20-cv-570

**MAC WARNER, in his Official Capacity
as Secretary of State of West Virginia,**

    *Defendant.*

## DEFENDANTS'
## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION
## TO CONSOLIDATE CASES

        Douglas P. Buffington II (WV Bar # 8157)
         *Senior Deputy Attorney General*
        Curtis R.A. Capehart (WV Bar # 9876)
         *Deputy Attorney General*
        Thomas T. Lampman (WV Bar # 13353)
         *Assistant Solicitor General*

        OFFICE OF THE WEST VIRGINIA
        ATTORNEY GENERAL
        State Capitol
        Building 1, Room E-26
        Charleston, WV 25305-0220
        Telephone: (304) 558-2021
        Facsimile: (304) 558-0140
        Email: Thomas.T.Lampman@wvago.gov

        *Counsel for Defendant Mac Warner, in his Official
        Capacity as Secretary of State of West Virginia*

## CONTENTS

Background ............................................................................................................................. 1

Argument ................................................................................................................................ 3

Conclusion .............................................................................................................................. 5

Certificate Of Service ............................................................................................................. 1

**BACKGROUND**

This motion asks this court to consolidate *West v. Warner*, 2:20-cv-570 ("*West*"), with *Wilson v. Justice et al.*, 2:20-cv-526 ("*Wilson*") or, in the alternative, to transfer West to Judge Johnston's docket for the reasons set forth herein.

Plaintiffs Stephen Wilson ("Plaintiff Wilson") and Kanye West ("Plaintiff West") are prospective independent candidates seeking to have their names printed on the West Virginia general election ballot this November. Plaintiff Wilson is a candidate for Governor of West Virginia, and Plaintiff West is a candidate for President. As prospective independent candidates, both Plaintiffs were subject to the requirements of West Virginia Code Sections 3-5-23 and 3-5-24. These requirements condition access to the general election ballot on the submission of "nominating certificates" signed by a number of registered voters totaling at least 1% of the total voter turnout in the last election for the office being sought. These certificates were due on August 3, 2020. Both Plaintiffs failed to meet this threshold. Plaintiff Wilson did not submit the requisite number of signatures. Plaintiff West's initial submission was supported by the requisite amount of signatures, but review by election officials determined that an insufficient amount of these signatures were valid.

Both Plaintiffs brought suit in this court, seeking to order Defendant Mac Warner, West Virginia Secretary of State ("the Secretary") to print their names on the general election ballots and otherwise enjoin him from enforcing the applicable requirements against them.[1] Plaintiff Wilson also named the Governor of West Virginia in his suit. Both suits were initiated after the August 3 filing deadline, and both raise arguments that the COVID-19 pandemic and related "Safer

---

[1] *See Wilson*, ECF #1 at pp. 13-14 ¶C; *see also West*, ECF #1 at p.8 ¶C.

At Home" executive order rendered the burdens imposed by these requirements unconstitutional.[2] Plaintiff Wilson alone bases his claim in part on the "Stay At Home Order" that was in effect in West Virginia from March 23 through May 4, as Plaintiff West's campaign was not active during that time.[3] Similarly, Plaintiff West alone challenges the procedure for validating signatures on nominating certificates, as Plaintiff Wilson did not submit enough signatures for this process to be dispositive.[4]

Plaintiff Wilson initiated his suit on August 4, and moved for preliminary injunction on August 17. Defendants filed a motion to dismiss on August 20, arguing among other things that the Plaintiff's delay until after the filing deadline in bringing the suit barred his claim under the equitable doctrine of laches.[5] Two days later, in their response to Plaintiff Wilson's motion, Defendants reiterated this laches argument along with arguments on the constitutional merits of Plaintiff Wilson's claim and the equities of "eleventh hour" election law litigation.[6] This court held a hearing on Plaintiff Wilson's motion for preliminary injunction on August 24, and ruled from the bench that his motion was denied for three independent reasons: 1) laches; 2) his constitutional argument was unlikely to succeed on the merits; and 3) "[e]ven if he had shown a likelihood of success on the merits," a preliminary injunction that modified the State's election laws at such a late date "would not be appropriate."[7] However, that case has not been dismissed.

---

[2] *See Wilson*, ECF #4-1 at pp. 7-9; *see also West*, ECF #5 at pp. 19-22.
[3] *See Wilson*, ECF #4-1 at pp. 7-9; *see also West*, ECF #5 at p.1 (Plaintiff West's campaign began on July 4).
[4] *See West*, ECF #5 at pp. 7-16; *see also Wilson*, ECF #4-1 at p.4 (Plaintiff Wilson's campaign only submitted roughly 5,000 signatures).
[5] *See Wilson*, ECF # 9 at pp. 6-11.
[6] *See Wilson*, ECF # 12 at pp. 7-12, 16-24.
[7] *See* Ex. 1 at p. 60.

Plaintiff West initiated his suit on August 28, four days after Plaintiff Wilson's motion for an injunction was denied, and moved for an injunction on August 31.

## ARGUMENT

Federal Rule of Civil Procedure 42(a) states in pertinent part that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." This rule is one of convenience and exists to give the court discretion to decide how cases on its docket are to be handled so that the business of the court may be dispatched with expedition and economy while providing justice to the parties. See *Miller v. U.S. Postal Service*, 729 F2d 1033, 1036 (5th Cir 1984); *Miller Brewing Co. v. Meal Co.*, 177 F.R.D. 642, 643 (E.D. Wis. 1998).

The factors the court must consider are:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), *cert. denied*, 460 U.S. 1102 (1983) and 464 U.S. 1040 (1984).

Here, all of the factors weigh in favor of consolidation. Consolidation poses no risk of confusion to the parties as the substantive claims are largely the same. However, a failure to consolidate does risk inconsistent adjudications on common legal issues and would burden the parties with unnecessary and largely duplicative argumentation, while disrupting and possibly undermining public confidence in the imminent election. Such delays are especially untenable where resolving these matters quickly is of paramount importance to ensuring consistency in the State's elections calendar.

Both actions challenge the application of West Virginia's system of certifying independent candidates to appear on the general election ballot. Both actions raise First and Fourteenth Amendment challenges arising from the COVID-19 pandemic, and both were brought after the filing deadline had passed and the elections calendar entered its most sensitive period. Plaintiff West raises similar constitutional arguments, and initiated his suit even later than Plaintiff Wilson. Accordingly, the Secretary intends to raise the same merits and laches arguments in that case as he raised against Plaintiff Wilson. Thus, these cases present largely identical legal questions informed by an overlapping set of facts.

Insofar as there are unique issues in these cases, there is no prejudice to the Plaintiffs in a consolidated adjudication. Plaintiff Wilson has already been denied a preliminary injunction on his claim relating to the "Stay At Home Order," which does not apply to Plaintiff West. Plaintiff West's procedural due process claim is moot as to Plaintiff Wilson, as Plaintiff Wilson did not submit enough signatures to qualify for the ballot even if every signature were validated.

Consolidating these actions will allow for an expedited adjudication of Plaintiff West's overlapping claims on the merits of a preliminary injunction. Moreover, the equities of disrupting the elections calendar at this stage, as well as the across-the-board arguments in favor of dismissal for laches—which timing concerns have only been exacerbated since this court's decision in *Wilson*—can resolve West's case without any need to consider the merits of his separate claim. *See* Ex. 1 at p. 60 ("Even if plaintiff had shown a likelihood of success on the merits, a preliminary injunction would not be appropriate because a modification of these election laws, at least at this juncture, would cause the government significant hardship and would be detrimental to the public.").

Thus, consolidation of these matters, or, in the alternative, transfer of *West* to Judge Johnston's docket, will facilitate judicial convenience, minimize the cost of litigation, eliminate any potential confusion and possible inconsistencies that separate cases may cause, and mitigate to the closest degree possible any further disruption of the elections calendar.

## CONCLUSION

For the foregoing reasons, this Court should consolidate these cases.

Respectfully submitted,

/s/ *Curtis R.A. Capehart*

Douglas P. Buffington II (WV Bar # 8157)
  *Senior Deputy Attorney General*
Curtis R.A. Capehart (WV Bar # 9876)
  *Deputy Attorney General*
Thomas T. Lampman (WV Bar # 13353)
  *Assistant Solicitor General*

OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
State Capitol
Building 1, Room E-26
Charleston, WV 25305-0220
Telephone: (304) 558-2021
Facsimile: (304) 558-0140
Email: Thomas.T.Lampman@wvago.gov

*Counsel for Defendant Mac Warner, in his Official Capacity as Secretary of State of West Virginia*

DATE: September 3, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September, 2020, the foregoing has been served electronically on all parties represented by counsel using the Court's CM/ECF system.

/s/ *Curtis R.A. Capehart*

Douglas P. Buffington II (WV Bar # 8157)
  *Senior Deputy Attorney General*
Curtis R.A. Capehart (WV Bar # 9876)
  *Deputy Attorney General*
Thomas T. Lampman (WV Bar # 13353)
  *Assistant Solicitor General*

OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
State Capitol
Building 1, Room E-26
Charleston, WV 25305-0220
Telephone: (304) 558-2021
Facsimile: (304) 558-0140
Email: Thomas.T.Lampman@wvago.gov

*Counsel for Defendant Mac Warner, in his Official Capacity as Secretary of State of West Virginia*