IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

KANYE WEST,

            Plaintiff,

v.                                        CIVIL ACTION NO.   2:20-cv-00570

MAC WARNER, *in his official capacity as*
*Secretary of State of West Virginia*,

            Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion to Consolidate Cases* (Document 12) and *Memorandum of Law in Support of Motion to Consolidate Cases* (Document 13), and the *Plaintiff's Response in Opposition to Motion to Consolidate* (Document 18). The Defendant requests that this case be consolidated with *Wilson v. Justice et al.*, 2:20-cv-526, pending before the Honorable Thomas E. Johnston in the United States District Court for the Southern District of West Virginia, pursuant to Federal Rule of Civil Procedure 42(a) or, in the alternative, transferred to the docket of Judge Johnston. In support of his motion, the Defendant asserts that both cases involve common questions of law and fact because the Plaintiffs in both cases are prospective independent candidates seeking to have their names printed on the West Virginia general election ballot this November.

In particular, the Defendant asserts that the cases are sufficiently similar because both Plaintiffs failed to meet the requirements for obtaining nominating certificates signed by at least one percent of the total voter turnout in the last election for the office being sought, as required by West Virginia Code Sections 3-5-23 and 3-5-24. Plaintiff Wilson did not submit the requisite

number of signatures. Plaintiff West submitted the requisite number of signatures. However, election officials determined that an insufficient number of those signatures were valid. Both complaints raise arguments that the coronavirus pandemic and related "Safer at Home" executive order heightened the burdens imposed by the signature requirements.

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, a court may order consolidation "[w]hen actions involving a common question of law or fact are pending before the court." Fed. R. Civ. P. 42(a). In determining whether to consolidate, the Fourth Circuit has held that courts should consider the following factors:

> [1] whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, [2] the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, [3] the length of time required to conclude multiple suits as against a single one, and [4] the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). "The decision whether to sever or to consolidate whole actions or sub-units for trial is necessarily committed to trial court discretion." *Id.* at 192.

After careful review, the Court finds that the two cases present distinct questions of fact and law. The Wilson Plaintiff failed to collect the requisite number of signatures. The West Plaintiff, however, collected the requisite number of signatures, but over 7,000 of those signatures were invalidated by election officials. As such, the West Plaintiff challenges the procedure for invalidating signatures on nominating certificates.

In contrast, Plaintiff Wilson's primary argument is that he was unable to collect the requisite signatures due to the pandemic and Governor Justice's "Stay at Home Order." Plaintiff

West raised the issue that Governor Justice failed to provide the same coronavirus accommodations for candidates with no party affiliation in the 2020 general election as were provided for candidates during the 2020 primary election due to the coronavirus pandemic. However, his primary argument centers on the inability to contest the invalidation of over 7,000 of his signatures. Therefore, the two cases do not present common issues of law.

Additionally, the Wilson Plaintiff moved for a preliminary injunction on August 17, 2020. On August 24, 2020, Judge Johnston conducted a hearing on the Plaintiff's motion and ruled from the bench, denying the Plaintiff's motion for preliminary injunction based on laches, the unlikelihood that the Plaintiff's constitutional argument would succeed on the merits, and a finding that modification of the State's election laws at such a late date would not be appropriate even if the Plaintiff could demonstrate likelihood of success on the merits. Since the Court previously ruled on the Wilson Plaintiff's motion for a preliminary injunction, the two cases occupy disparate procedural postures. To consolidate the two cases at this stage would not aid in efficient disposition of the pending preliminary injunction or serve the interests of judicial economy.

WHEREFORE, after careful consideration, the Court **ORDERS** that the *Motion to Consolidate* (Document 12) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: September 9, 2020

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA