IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

KANYE WEST;

      Plaintiff,

v.                                     CIVIL ACTION NO. 2:20-cv-00570

MAC WARNER, in his Official Capacity as
Secretary of State of West Virginia;

      Defendant.

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Kanye West ("Mr. West"), by counsel, respectfully responds in opposition

to *Motion by Mac Warner to Dismiss Verified Complaint* ("*Motion to Dismiss*") [ECF No. 15] and

hereby states as follows:

**FACTS AND PROCEDURAL POSTURE**

For the sake of brevity and judicial economy, Mr. West hereby expressly

incorporates the factual background in his "*Response in Opposition to Motion to Consolidate*" and

"*Reply in Support of Preliminary Injunction*" as if set forth fully herein.  [*See* ECF Nos. 18, 20.]

Mr. West filed his *Verified Complaint* on August 28, 2020, and filed a *Motion for*

*Preliminary Injunction* and supporting *Memorandum of Law* on August 31, 2020. [*See* ECF No.

1, 4]. Judge Berger issued a briefing schedule and directed the Defendant to respond by September

8, 2020.  [*See* ECF No. 7].  Defendant filed a *Motion to Consolidate* this action with the *Wilson v.*

*Mac Warner* case styled as 2:20-cv-526, on September 3, 2020, which this Court denied on

September 9, 2020.  [*See* ECF No. 12, 19].  Defendant filed a *Motion to Dismiss* and supporting

*Memorandum of Law in Support* and *Memorandum of Law in Opposition to Motion by Kanye West*

*for Preliminary Injunction,* which were identical in terms of arguments set forth, on September 8, 2020, to which Mr. West now responds. [*See* ECF No. 15, 16, 17].

**LEGAL STANDARD**

The United States Supreme Court has long held that Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). A motion to dismiss under Rule 12(b) should be denied if the complaint "states a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  A plausible claim for relief contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 554 (4th Cir. 2013).  In considering a motion to dismiss, a district court "must accept as true all of the factual allegations contained in the complaint, drawing all reasonable inferences in the non-moving party's favor." *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017) (internal quotation marks and citation omitted).

"Rule 65 of the Federal Rules of Civil Procedure provides for the issuance of preliminary injunctions as a means of preventing harm to one or more of the parties before the court can fully adjudicate the claims in dispute." *Fred Hutchinson Cancer Research Ctr. v. BioPet Vet Lab, Inc.*, 768 F. Supp.2d 872, 874 (E.D. Va. 2011). "A plaintiff seeking a preliminary injunction must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citing *Munaf v. Geran*, 553 U.S. 674, 689-90 (2008)). "All four elements

must be established by a 'clear showing' before the injunction will issue." *Imagine Medispa, LLC v. Transformations, Inc*., 999 F. Supp.2d 862, 868 (S.D. W. Va. 2014) (internal quotations omitted).

Here, Mr. West has sufficiently set forth that he is likely to succeed on his claims as the burden that W.Va. Code § 3-5-23, *et seq.* currently places on his constitutional rights to associate for the advancement of his political beliefs, his right to petition for redress of grievances, and his right to equal protection and due process under the laws are severe. W.Va. Code § 3-5-23, *et seq.* also unduly burdens the rights of qualified voters in West Virginia, including those who signed nomination certificates for Plaintiff, to cast their votes effectively. In the absence of a preliminary injunction, Plaintiff will clearly suffer irreparable harm as he will be left off the 2020 General Election ballot. The balance of equities also tips in favor of Plaintiff as the harm to Plaintiff's constitutional rights ultimately outweighs the burden on Defendant Secretary of State to apply West Virginia's ballot access provisions in a constitutional manner. And finally, an injunction is clearly in the public interest as duly registered voters deserve the opportunity to cast a ballot for the candidate of their choice.

## ARGUMENT

Based upon the fact that Defendant Secretary of State's "*Motion to Dismiss*" brings forth no separate arguments than those set forth in its "*Memorandum of Law in Opposition to Motion by Kanye West for Preliminary Injunction,*" for the sake of judicial economy, Mr. West incorporates herein his arguments from his *Reply in Support of Preliminary Injunction* ("*Reply*"). [ECF No. 20]. As stated in Mr. West's *Reply,* the Secretary of State's Motion to Dismiss makes it abundantly clear that Mr. West is entitled to the injunctive relief sought in the Instant Action.

## CONCLUSION

For all the reasons set forth above, this Court should deny the Secretary of State's Motion to Dismiss the Verified Complaint.  Due to the emergency nature of relief sought by Plaintiff, Mr. West hereby respectfully requests an expedited briefing schedule for the Secretary of State's Reply to the Motion to Dismiss. [ECF No. 15].

Respectfully submitted,

*/s/ J. Mark Adkins*
J. Mark Adkins (WVSB # 7414)
Richard R. Heath, Jr. (WVSB # 9067)
Joshua A. Lanham (WVSB # 13218)
Unaiza R. Tyree (WVSB # 13253)
BOWLES RICE LLP
600 Quarrier Street (25301)
Charleston, West Virginia 25325-1386
(304) 347-1100
Fax:  (304) 347-1756
*Attorneys for Plaintiff Kanye West*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

KANYE WEST;

      Plaintiff,

v.                                 CIVIL ACTION NO. 2:20-cv-00570

MAC WARNER, in his Official Capacity as
Secretary of State of West Virginia;

      Defendant.

## CERTIFICATE OF SERVICE

I, J. Mark Adkins, hereby certify that the foregoing *Plaintiff's Response to Defendant's Motion to Dismiss the Verified Complaint*, via the CM/ECF system, upon the following counsel of record on September 9, 2020:

> Douglas P. Buffington II, Esq.
> Curtis R.A. Capehart, Esq.
> Thomas T. Lampman, Esq.
> OFFICE OF THE WEST VIRGINIA
> ATTORNEY GENERAL
> State Capitol
> Building 1, Room E-26
> Charleston, WV 25305-0220

> */s/ J. Mark Adkins*
> J. Mark Adkins (WVSB #7414)

12168332.1